**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **TRAVIS BLAKE HARDING** | § | |
|     *Plaintiff,* | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-cv-00034** |
| | § | |
| **STATE FARM LLOYDS** | § | **JURY** |
| *Defendant.* | § | |

---

### DEFENDANT STATE FARM LLOYDS' FIRST AMENDED ANSWER

---

Defendant State Farm Lloyds ("State Farm") files this First Amended Answer to Plaintiff Travis Blake Harding's Original Petition.

### STATE FARM'S ADMISSIONS AND DENIALS

### I. DISOCVERY PLAN

1.    **PLAINTIFF'S CONTENTION:** *Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.*

    **STATE FARM'S RESPONSE:** No response required.

### II. THE PARTIES

2.    **PLAINTIFF'S CONTENTION:** *Plaintiff, Travis Blake Harding (hereinafter, "Plaintiff" and/or "Mr. Harding") is an individual residing in Montgomery County, Texas.*

    **STATE FARM'S RESPONSE:** State Farm admits the above allegations.

3.    **PLAINTIFF'S CONTENTION:** *Defendant State Farm Lloyds (hereinafter, "Defendant" and/or "State Farm") is a foreign insurance company licensed to conduct business in the State of Texas and, according to the Texas Department of Insurance, may be served by and through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found. Additionally, pursuant to Section 804.101 of the Texas Insurance*

1

*Code, State Farm may be served by and through its president, vice president, secretary, or attorney-in-fact at the home office or principal place of business located at One State Farm Plaza, Bloomington, IL 61710, or wherever it may be found.*

**STATE FARM'S RESPONSE:** State Farm admits it is an unincorporated association of underwriters operating as a "Lloyds Plan" under Chapter 941 of the Texas Insurance Code. The underwriters are each citizens and residents of Illinois. State Farm further admits it was served with process and has entered an appearance.

## III. JURISDICTION AND VENUE

4.     **PLAINTIFF'S CONTENTION:** *Jurisdiction of this matter is proper in that the subject matter and the amount in controversy are within the jurisdictional requirements of this Court.*

**STATE FARM'S RESPONSE:** State Farm admits that this Court has subject matter jurisdiction of this lawsuit under 28 U.S.C. §§ 1332(a) because the requirements for diversity jurisdiction are met.

5.     **PLAINTIFF'S CONTENTION:** *Venue is proper in Montgomery County, Texas under the mandatory venue provisions in Section 15.011 of the Texas Civil Practice and Remedies Code as this is a suit for recovery of damages to real property, and under the general venue rules set forth in Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code as this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.*

**STATE FARM'S RESPONSE:** State Farm admits that the insured property is in Montgomery County. State Farm admits that all or a substantial part of the events or omissions giving rise to the claims occurred in Montgomery County within the Southern District of Texas, Houston Division. State Farm admits that venue is proper in the United States District Court for the Southern District of Texas, Houston Division pursuant to 28

U.S.C. § 1441(a) because this District and Division embrace the place in which the removed action has been pending.

6. **PLAINTIFF'S CONTENTION:** *Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.*

    **STATE FARM'S RESPONSE:** State Farm admits Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

## IV. FACTS

7. **PLAINTIFF'S CONTENTION:** *On or about April 14, 2020, State Farm Lloyds sold homeowners insurance policy number 53-CA-S809-3 (hereinafter, the "Policy") to named insured Travis Blake Harding, to insure the property located at 11962 Ridgeway Drive, Willis, Texas 77318-5454 (hereinafter, the "Property"). The Policy was to be effective from June 3, 2020, to June 3, 2021.*

    **STATE FARM'S RESPONSE:** State Farm admits it issued State Farm Homeowner's Policy Number 53-CA-S809-3 to Plaintiff Travis Blake Harding to insure the property located at 11962 Ridgeway Drive, Willis, Texas 7318-5454. State Farm admits the Policy was effective June 3, 2020, through June 3, 2021, subject to the terms, conditions, requirements, endorsements and other provisions set forth in the Policy.

8. **PLAINTIFF'S CONTENTION:** *On or about February 16, 2021, a historic severe winter storm event caused widespread damage to properties located throughout Texas (hereinafter, the "Storm"). The Storm resulted in direct physical damage to Mr. Harding's Property.*

    **STATE FARM'S RESPONSE:** State Farm admits that storm event occurred in Montgomery County, Texas on or about February 16, 2021. State Farm denies the remainder of the above allegations.

9. **PLAINTIFF'S CONTENTION:** *Mr. Harding promptly reported the damages to State Farm pursuant to the Policy in February of 2021. State Farm acknowledged the reported loss and assigned claim number 53- G701-3S8. Mr. Harding carefully documented the damage in photographs and videos from the date of the Storm and thereafter.*

**STATE FARM'S RESPONSE:** State Farm admits that Plaintiff reported a claim to State Farm on February 18, 2021. State Farm admits that it assigned Claim No. 53-G701-3S8. State Farm further admits that Plaintiff submitted certain photographs and videos of his Property. State Farm denies the remainder of the above allegations.

10. **PLAINTIFF'S CONTENTION:** *On or about March 6, 2021, Mr. Harding retained Cheston "Chet" Selz, Public Insurance Adjuster (hereinafter, "Selz") to serve as his licensed public insurance adjuster regarding the Claim. On March 12, 2021, Selz inspected the Property and carefully documented his findings.*

**STATE FARM'S RESPONSE:** State Farm admits that Plaintiff retained Cheston Selz to serve as his public adjuster. State Farm denies the remainder of the above allegations.

11. **PLAINTIFF'S CONTENTION:** *On or about March 9, 2021, Mr. Harding emailed his insurance agent, Shanon Salsbury (hereinafter, "Mr. Salsbury"), and began requesting a certified copy of his Policy with State Farm. After multiple back and forth communications via email, telephone, and in person, Mr. Salsbury was unable to provide Mr. Harding with anything but a sample policy from State Farm, stating the sample policy is "what I give to everyone, and what I go by when I am verifying coverage." On March 15, 2021, Mr. Salsbury stated that he had requested a copy of the certified copy of the Policy from underwriting and again provided the sample version.*

**STATE FARM'S RESPONSE:** State Farm denies the above allegations

12. **PLAINTIFF'S CONTENTION:** *On or about March 20, 2021, State Farm Representative Russell Creighton (hereinafter, "Mr. Creighton") inspected the Property and prepared his estimate of the damages.*

**STATE FARM'S RESPONSE:** State Farm admits that External Claims Resource Creighton Russell inspected Plaintiff's Property on March 20, 2021, and prepared an estimate.

13. **PLAINTIFF'S CONTENTION:** *On or about March 25, 2021, Selz sent State Farm a letter placing State Farm on notice of both Selz's representation of Mr. Harding, as well as Selz's position that State Farm's adjustment of loss was deficient in both scope and cost of repairs required to return the Property to its pre-loss condition.*

*Selz further requested a certified copy of the Policy, State Farm's estimates related to the Claim, all Claim photographs, and all correspondence between State Farm and Mr. Harding, or any other third party regarding the Claim.*

**STATE FARM'S RESPONSE:** State Farm admits that on or around May 25, 2021, received a letter of representation from public adjuster Cheston Selz. State Farm further admits that Mr. Selz submitted an estimate of damages for approximately $154,603.43. State Farm denies the remainder of the above allegations.

14. **PLAINTIFF'S CONTENTION:** *On or about March 31, 2021, State Farm remitted payment in the amount of $19,727.80, designated "Water/Freezing Building." Payment was accompanied by a letter stating that "we are paying your claim based on the cost of repairs with deduction for depreciation."*

**STATE FARM'S RESPONSE:** State Farm admits that it issued Plaintiff an actual cash value payment in the amount of $19,727.80 on March 31, 2021. State Farm further admits that this payment reflected the replacement cost value of the covered damage, less depreciation and the Policy's $2,382.00 deductible.

15. **PLAINTIFF'S CONTENTION:** *On or about April 10, 2021, Mr. Harding hired an HVAC contractor to repair the Property's air conditioning unit, as it had been straining to keep the property adequately cooled due to the lack of walls and insulation resultant from the damage caused by the Storm. In an attempt to prevent mold from accumulating at the Property, Mr. Harding purchased purifiers and UV lamps, and consistently treated the affected areas with microbial spray.*

**STATE FARM'S RESPONSE:** State Farm denies the above allegations.

16. **PLAINTIFF'S CONTENTION:** *On or about April 17, 2021, Mr. Selz generated his estimate of damages at the Harding Property, citing a replacement cost value of $154,603.43 to bring the Property to its pre-loss condition. Selz subsequently submitted his estimate of damages to State Farm on May 4, 2021, via email.*

**STATE FARM'S RESPONSE:** State Farm admits it received an estimate from Mr. Selz on or around May 7, 2021. State Farm denies the remainder of the above allegations.

17.   **PLAINTIFF'S CONTENTION:** *On May 7, 2021, State Farm notified Mr. Harding and Mr. Selz that the Claim had been assigned for reinspection by State Farm. Reinspection of the Property took place shortly thereafter.*

**STATE FARM'S RESPONSE:** State Farm admits that it reassigned Plaintiff's claim for a second inspection. State Farm further admits that it conducted a second inspection of Plaintiff's property on May 14, 2021.

18.   **PLAINTIFF'S CONTENTION:** *On May 25, 2021, State Farm transmitted its revised Estimate and Summary of Loss, citing a replacement cost value of $35,584.85.*

**STATE FARM'S RESPONSE:** State Farm admits that it revised its estimate on or around May 21, 2021.

19.   **PLAINTIFF'S CONTENTION:** *On that same date, Mr. Selz spoke Mr. Creighton, who stated that coverage for additional living expenses would not be provided to Mr. Harding pursuant to the Policy because State Farm deemed the Property "habitable". During the call, Mr. Selz stated that due to the various misrepresentations made thus far, all future communication should be memorialized in writing. Mr. Selz also asked that Mr. Creighton's coverage determination regarding additional living expenses be memorialized in writing, per the applicable Statute.*

**STATE FARM'S RESPONSE:** State Farm admits that Mr. Creighton spoke with Mr. Selz on or around May 24, 2021 and that during that conversation he explained the settlement and informed him that an additional payment would be issued to Plaintiff. State Farm further admits that Mr. Creighton explained to Mr. Selz that Coverage C - Additional Living Expenses would not be issued under the Policy because the home was deemed habitable. Finally, State Farm admits that Mr. Selz told Mr. Creighton that he "lost his phone privileges" with Mr. Selz. State Farm denies the remainder of the above allegations.

20.   **PLAINTIFF'S CONTENTION:** *On June 2, 2021, State Farm mailed a Letter described as a "written status report" to Mr. Harding, which contained a check to Mr. Harding for $8,563.32, notated "water or freezing – building" and a check for*

*$300.00, notated: "water or freezing – personal property, food loss". The checks were accompanied by a "Summary of Loss" printout as well as a letter which stated:*

**STATE FARM'S RESPONSE:** State Farm admits the above allegations.

21.   ***PLAINTIFF'S CONTENTION:*** *On June 19, 2021, Wendy Michaelis, MAC, an industrial hygienist with FixAirx, LLC, (hereinafter, "FixAirx") inspected the damage to the Property and completed a Water Damage Protocol Report (hereinafter, "Water Damage Protocol"). In its report, FixAirx described the water classification at the Property as "grossly contaminated", and assigned a Category 3 Damage classification:*

**STATE FARM'S RESPONSE:** State Farm denies the above allegations.

22.   **PLAINTIFF'S CONTENTION:** *FixAirx's Water Damage Protocol further classified the Property as "uninhabitable":*

**STATE FARM'S RESPONSE:** State Farm denies the above allegations.

23.   **PLAINTIFF'S CONTENTION:** *Despite the health hazards outlined in the Water Damage Protocol, Mr. Harding was unable to remove himself and his family from the Property because Mr. Harding's elderly mother-in-law, who also lived at the Property, was in hospice and transitioning.*

**STATE FARM'S RESPONSE:** State Farm admits that Mr. Harding and his family

did not "remove himself and his family from the Property" after the Occurrence. State

Farm denies the remainder of the above allegations.

24.   **PLAINTIFF'S CONTENTION:** *Throughout the fall and winter of 2021 and into 2022, Mr. Selz continued to contact State Farm in repeated attempts to procure additional living expenses coverage pursuant to the Policy, with no development from State Farm.*

**STATE FARM'S RESPONSE:** State Farm denies the above allegations.

25.   **PLAINTIFF'S CONTENTION:** *On February 10, 2022, Mr. Selz filed a complaint with the Texas Department of Insurance regarding State Farm's insufficient handling of the Claim.*

**STATE FARM'S RESPONSE:** State Farm admits that Plaintiff's public adjuster filed a complaint with Texas Department of Insurance on or about February 10, 2022. State Farm denies the remainder of the above allegations.

26.    **PLAINTIFF'S CONTENTION:** *On May 23, 2022, Mr. Selz resubmitted his valuation of damages to State Farm via email, along with Mr. Harding's sworn proof of loss (hereinafter, "Claims Package").*

   **STATE FARM'S RESPONSE:** State Farm denies the above allegations.

27.    **PLAINTIFF'S CONTENTION:** *Mr. Harding sent pre-suit notice and demand to State Farm pursuant to the Texas Business & Commerce Code, commonly referred to as the Texas Deceptive Trade Practices Act (hereinafter, "DTPA"),2 Chapters 541 and 542A of the Texas Insurance Code, and related provisions of the Texas Administrative Code on or about June 21, 2022. Plaintiff's pre-suit notice and demand was accompanied by extensive exhibits in support of each of the above stated facts. To date, State Farm continues to refuse to cover the restoration of the Property to its pre-loss condition, as required pursuant to the Policy. State Farm confirmed receipt of the demand in a letter dated June 23, 2022.*

   **STATE FARM'S RESPONSE:** State Farm admits that it received a demand from Plaintiff on or around June 23, 2022. State Farm denies the remainder of the above allegations.

28.    **PLAINTIFF'S CONTENTION:** *On July 18, 2022, State Farm sent a letter to Mr. Harding stating that it had "now reviewed the videos [originally sent back in February 2021, and multiple times thereafter] …[and] we did not see clear evidence of additional damage not already included in our estimate." State Farm made no mention of the over 300 pages of additional documentation presented for at least the second time, along with the demand.*

   **STATE FARM'S RESPONSE:** State Farm admits that it sent a letter dated August 9, 2022, advising that it had reviewed all documentation submitted and explained that it found no damage not accounted for by State Farm. State Farm denies the remainder of the above allegations.

29.    **PLAINTIFF'S CONTENTION:** *As a result of State Farm's refusal to change its position regarding Mr. Harding's Claim despite being notified of the impossibility of the minimal suggested scope of repair, continued delay and disinterest in resolving*

the Claim, and its refusal to tender benefits and proceeds due and owing under its Policy, Mr. Harding has sustained damages as described herein.

**STATE FARM'S RESPONSE:** State Farm denies the above allegations.

## V. Causes of Action

**A.    Count 1: Breach of Contract**

30.    **PLAINTIFF'S CONTENTION:** *Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.*

      **STATE FARM'S RESPONSE:** No response required.

31.    **PLAINTIFF'S CONTENTION:** *This is an action against Defendant for breach of a first party insurance contract, the Policy. Plaintiff is the named insured under the Policy and the Policy was in full force and effect as to the Plaintiff and the Property at all times material to the facts as set forth herein.*

      **STATE FARM'S RESPONSE:** State Farm admits that Plaintiff assert claims for

breach of contract. State Farm admits it issued State Farm Homeowner's Policy Number

53-CA-S809-3 to Plaintiff Travis Blake Harding to insure the property located at 11962

Ridgeway Drive, Willis, Texas 7318-5454. State Farm admits the Policy was effective

June 3, 2020, through June 3, 2021, subject to the terms, conditions, requirements,

endorsements, and other provisions set forth in the Policy.

32.    **PLAINTIFF'S CONTENTION:** *Plaintiff has performed all conditions to Defendant's obligation to perform under the Policy, including without limitation, the timely payment of premiums, timely notice of the Claim, mitigation of the damages to the Property, and temporary repairs to prevent further damage. Defendant has waived any and all other conditions.*

      **STATE FARM'S RESPONSE:** State Farm denies the above allegations.

33.    **PLAINTIFF'S CONTENTION:** *Defendant is required to compensate Plaintiff for all direct physical losses from a loss event under the terms of the Policy.*

      **STATE FARM'S RESPONSE:** State Farm admits that Plaintiff's policy provides

coverage for accidental direct physical loss to the insured property subject to the policy's

terms, conditions, requirements, endorsements, and other provisions set forth in the

Policy. State Farm denies the remainder of the above allegations.

34. **PLAINTIFF'S CONTENTION:** *Defendant's denial of coverage and refusal to pay the full amount of the Claim is contrary to the terms of the Policy and Texas law, and constitutes a breach of said contract of insurance, causing further delay in restoring Plaintiff's Property to its pre-loss condition.*

   **STATE FARM'S RESPONSE:** State Farm denies the above allegations.

35. **PLAINTIFF'S CONTENTION:** *As a direct and proximate result of Defendant's breach of said contract of insurance, Plaintiff has been damaged by having not been compensated for the damage sustained to the Property, which is owed under the terms of the Policy.*
   **STATE FARM'S RESPONSE:** State Farm denies the above allegations.

36. **PLAINTIFF'S CONTENTION:** *Plaintiff has been and remains fully prepared to comply with all obligations pursuant to the Policy.*

   **STATE FARM'S RESPONSE:** State Farm denies the above allegations.

37. **PLAINTIFF'S CONTENTION:** *As a direct and proximate result of Defendant's refusal to pay Plaintiff's Claim, Plaintiff has been required to retain the services of the undersigned attorneys. Plaintiff is obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action, plus necessary costs.*

   **STATE FARM'S RESPONSE:** State Farm admits that Plaintiff retained counsel

regarding this Claim. State Farm lacks knowledge or information to form a belief regarding

what Plaintiff agreed to pay his attorneys for their services Therefore, State Farm denies

the remainder of the above allegations.

38. **PLAINTIFF'S CONTENTION:** *In the event that Plaintiff prevails in this action, Plaintiff is entitled to recover reasonable attorney's fees and costs from Defendant pursuant to pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.*

   **STATE FARM'S RESPONSE:** State Farm admits that if Plaintiff prevails on his

breach of contract claim then Plaintiff is entitled to recover reasonable and necessary

attorneys' fees incurred in connection with that cause of action.

39.    **PLAINTIFF'S CONTENTION:** *All of the foregoing conduct constitutes a breach of contract which has resulted in damages to Plaintiff.*

    **STATE FARM'S RESPONSE:** State Farm denies the above allegations.

**B.**    **Count 2: Violation of the Texas Insurance Code**

40.    **PLAINTIFF'S CONTENTION:** *Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.*

    **STATE FARM'S RESPONSE:** No response required.

41.    **PLAINTIFF'S CONTENTION:** *Defendant's acts, omissions, failures, and conduct that are described in this Petition violate provisions of Chapter 541 and Chapter 542 of the Texas Insurance Code and are actionable pursuant to Section 541.151 of the Texas Insurance Code. In this respect, Defendant's violations include, without limitation:*

    *a)*    *Engaging in an unfair method of competition, or an unfair and deceptive act and practice in the business of insurance, to misrepresent the Policy by:*

        *i.*    *Making an untrue statement of material fact;*
        *ii.*    *Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;*
        *iii.*    *Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and,*
        *iv.*    *Making a material misstatement of law.*

    *b)*    *Engaging in an unfair method of competition, or an unfair and deceptive act and practice in the business of insurance, with respect to the Claim, by:*

        *i.*    *Misrepresenting a material fact or policy provision relating to the coverage at issue;*
        *ii.*    *Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim with respect to which the insurer's liability had become reasonably clear;*
        *iii.*    *Failing to promptly provide a reasonable explanation of the basis in the Policy, in relation to the facts and applicable law, for denial of the Claim and/or offer of a compromise settlement of the Claim; and,*
        *iv.*    *Refusing to pay the amounts duly owed regarding the Claim without conducting a reasonable investigation with respect to the Claim.*

    **STATE FARM'S RESPONSE:** Plaintiff fails to provide any factual basis for the generic allegations made. That is, Plaintiff does not identify the substance of any

(1) misrepresentations of material fact; (2) nondisclosure of material facts; (3) misleading statements; (4) misstatements of material law; and (5) nondisclosure of a matter required to be disclosed by law. The allegations, therefore, lack specificity to inform State Farm as to the claims against it. State Farm, therefore, denies all of the legal allegations made in Paragraph 41 and denies any factual allegations therein implied.

42.    **PLAINTIFF'S CONTENTION:** *Accordingly, Plaintiff seeks herein actual damages, court costs, and reasonable and necessary attorneys' fees. Because Defendant acted knowingly, Plaintiff seeks treble damages pursuant to Section 541.152(b) of the Texas Insurance Code.*

**STATE FARM'S RESPONSE:** State Farm admits that Plaintiff seeks actual damages, court costs, and reasonable and necessary attorneys' fees. State Farm further admits that Plaintiff seeks treble damages pursuant to Section 541.152(b) of the Texas Insurance Code. State Farm denies the remainder of the above allegations.

**C.    Count 3: Violation of the Texas Deceptive Trade Practices Act**

43.    **PLAINTIFF'S CONTENTION:** *Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.*

**STATE FARM'S RESPONSE:** No response required.

44.    **PLAINTIFF'S CONTENTION:** *Plaintiff is a consumer under the Texas Deceptive Trade Practices Act (hereinafter, the "DTPA") because Plaintiff is an individual (as defined by the Act) who acquired goods/services from Defendant by purchase.*

**STATE FARM'S RESPONSE:** State Farm admits the above allegations.

45.    **PLAINTIFF'S CONTENTION:** *By its acts, omissions, failures, and conduct that are described in this Petition, Defendant violated Section 17.46 et. seq. of the Texas Business & Commerce Code, commonly referred to as the DTPA. Particularly, Defendant violated the DTPA by engaging in false, misleading, or deceptive acts or practices that Plaintiff justifiably relied on to his detriment. In this respect, Defendant's violations include, without limitation:*

        *a.  Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not*

*have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;*

b. *Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;*

c. *Advertising goods or services with intent not to sell them as advertised and representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve;*

d. *Failing to disclose information about goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer to enter into a transaction that the consumer would not have entered into if the information had been disclosed; and,*

e. *Engaging in an unconscionable action or course of action, to Plaintiff's detriment, that took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree.*

**STATE FARM'S RESPONSE:** Plaintiff fails to provide any factual basis for the generic allegations made. That is, Plaintiff does not identify the substance of any (1) misrepresentations of material fact; (2) nondisclosure of material facts; (3) misleading statements; (4) misstatements of material law; and (5) nondisclosure of a matter required to be disclosed by law. The allegations, therefore, lack specificity to inform State Farm as to the claims against it. State Farm, therefore, denies all of the legal allegations made in Paragraph 45 and denies any factual allegations therein implied.

46.    **PLAINTIFF'S CONTENTION:** *As described herein, Defendant represented to Plaintiff that the Policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have, which affords Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA.*

**STATE FARM'S RESPONSE:** State Farm denies the above allegations.

47.    **PLAINTIFF'S CONTENTION:** *All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages as set forth herein. Accordingly, Plaintiff seeks his actual damages, court costs, and reasonable and necessary attorneys' fees.*

**STATE FARM'S RESPONSE:** State Farm admits that Plaintiff seeks actual damages, court costs, and reasonable and necessary attorneys' fees. State Farm denies the remainder of the above allegations.

48.    **PLAINTIFF'S CONTENTION:** *Additionally, because Defendant acted knowingly and intentionally, Plaintiff is entitled to recover treble damages under DTPA Section 17.50(b)(1).27 Defendant acted knowingly because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception, or unfairness of the acts or practices giving rise to Plaintiff's claim. Further, Defendant acted intentionally because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception, or unfairness of the act or practice and acted with a specific intent that Plaintiff act in detrimental reliance on the falsity or deception, or in detrimental ignorance of the unfairness.*

      **STATE FARM'S RESPONSE:** State Farm denies the above allegations.

**D.    Count 4: Breach of Duty of Good Faith and Fair Dealing**

49.    **PLAINTIFF'S CONTENTION:** *Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.*

      **STATE FARM'S RESPONSE:** State Farm denies the above allegations.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

50.    **PLAINTIFF'S CONTENTION:** *By its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing. Defendant had no reasonable basis for denying or delaying payment of Plaintiff's Claim, and Defendant knew or should have known that there was no reasonable basis for denying or delaying payment of Plaintiff's Claim.*

      **STATE FARM'S RESPONSE:** State Farm contends that it had a reasonable basis

for its claim decision and denies the above allegations.

51.    **PLAINTIFF'S CONTENTION:** *By its acts, omissions, failures, and conduct, Defendant has also engaged in unfair and deceptive acts or practices in the business of insurance in violation of the Texas Administrative Code.*

      **STATE FARM'S RESPONSE:** State Farm denies the above allegations.

52.    **PLAINTIFF'S CONTENTION:** *These common law and Administrative Code violations include, without limitation, the conduct described in this Petition, including:*

          *a. Engaging in false, misleading, and deceptive acts or practices in the business of insurance;*
          *b. Engaging in unfair claims settlement practices the business of insurance;*

c.  *Misrepresenting to claimants pertinent facts or policy provisions relating to coverages at issue;*

d.  *Failing to acknowledge with reasonable promptness pertinent communications with respect to the Claim;*

e.  *Failing to attempt in good faith to effectuate prompt, fair, and equitable settlement of the Claim submitted when liability under the Policy became reasonably clear;*

f.  *Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;*

g.  *Failing to affirm or deny coverage of a claim to a policyholder within a reasonable time;*

h.  *Refusing to pay amounts due and owing on the Claim without conducting a reasonable investigation with respect to the Claim; and,*

i.  *Failing to respond promptly to a request by a claimant for personal contact about review of the Claim.*

**STATE FARM'S RESPONSE:**  Plaintiff fails to provide any factual basis for the generic allegations made. That is, Plaintiff does not identify the substance of any (1) misrepresentations regarding coverage; (2) description of how or why liability was clear for amounts not paid by State Farm; (3) lack of clarity in State Farm's communication of its position with respect to Plaintiff's claim; (4) failure on State Farms part to timely affirm or deny coverage of Plaintiff's claim; and (5) description of how State Farm failed to conduct a reasonable investigation with respect to Plaintiff's claim. The allegations, therefore, lack specificity to inform State Farm as to the claims against it. State Farm, therefore, denies all of the legal allegations made in Paragraph 41 and denies any factual allegations therein implied.

53.    **PLAINTIFF'S CONTENTION:** *Defendant knowingly breached its duty of good faith and fair dealing and engaged in unfair settlement practices with respect to Plaintiff's Claim, when Defendant's liability had become reasonably clear.*

**STATE FARM'S RESPONSE:** State Farm denies the above allegations.

54.    **PLAINTIFF'S CONTENTION:** *These acts, omissions, failures, and conduct of Defendant were committed knowingly and intentionally and are a proximate cause of Plaintiff's damages, as sought herein.*

**STATE FARM'S RESPONSE:** State Farm denies the above allegations.

## VI. Waiver and Estoppel

55.    **PLAINTIFF'S CONTENTION:** *Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.*

**STATE FARM'S RESPONSE:** No response required.

56.    **PLAINTIFF'S CONTENTION:** *Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.*

**STATE FARM'S RESPONSE:** State Farm denies the above allegations.

## VII. Conditions Precedent

57.    **PLAINTIFF'S CONTENTION:** *All conditions precedent to Plaintiff's recovery have been performed, have occurred, have been waived, or are excused.*

**STATE FARM'S RESPONSE:** State Farm denies the above allegations.

## VIII. Notice of Intent to Use Discovery

58.    **PLAINTIFF'S CONTENTION:** *Plaintiff gives notice of his intent to use documents and other tangible items produced in discovery against the party or parties producing same in all pretrial matters and trial of this Lawsuit. Such documents and items are self-authenticated pursuant to Texas Rule of Civil Procedure 193.7.*

**STATE FARM'S RESPONSE:** No response required.

## IX. Economic and Actual Damages

59.    **PLAINTIFF'S CONTENTION:** *Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.*

**STATE FARM'S RESPONSE:** No response required..

60.    **PLAINTIFF'S CONTENTION:** *The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages, which include, without limitation, the remaining costs to properly repair Plaintiff's Property and any investigative and engineering fees incurred therein. Plaintiff is entitled to recover his out-of-pocket damages, costs of mitigation, lost time, loss of use, and expectancy damages. Plaintiff is further entitled to recover consequential damages from Defendant's breach of its duty of good faith and fair dealing. As this is an action for bad faith insurance practices, Plaintiff is also entitled to recover*

*extracontractual damages for economic and personal injuries. Plaintiff is further entitled to recover the amount of his claim plus prejudgment interest, post-judgment interest and attorneys' fees. All the damages described herein are within the jurisdictional limits of the Court.*

**STATE FARM'S RESPONSE:** State Farm admits that pursuant to Texas Insurance Code Section 541.152(a), a prevailing plaintiff may obtain the amount of actual damages, plus court costs and reasonable and necessary attorney's fees. State Farm further admits that Texas Insurance Code Section 541.152(b) permits the trier of fact to award an amount not to exceed three times the amount of actual damages if the trier of fact finds that the defendant acted knowingly or intentionally. State Farm denies that Plaintiff is entitled to these remedies and denies the remaining allegations in Paragraph 60.

## X. Additional Damages

61.    **PLAINTIFF'S CONTENTION:** *Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.*

**STATE FARM'S RESPONSE:** State Farm denies the above allegations.

62.    **PLAINTIFF'S CONTENTION:** *Defendant has "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages and/or treble damages as authorized by the Texas Insurance Code and Texas Deceptive Trade Practices Act.*

**STATE FARM'S RESPONSE:** State Farm admits that pursuant to Texas Insurance Code Section 541.152(a), a prevailing plaintiff may obtain the amount of actual damages, plus court costs and reasonable and necessary attorney's fees. State Farm further admits that Texas Insurance Code Section 541.152(b) permits the trier of fact to award an amount not to exceed three times the amount of actual damages if the trier of fact finds that the defendant acted knowingly or intentionally. State Farm denies that

Plaintiff is entitled to these remedies and denies the remaining allegations in Paragraph 62.

## XI. Attorney's Fees

63.    **PLAINTIFF'S CONTENTION:** *Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.*

   **STATE FARM'S RESPONSE:** No response required.

64.    **PLAINTIFF'S CONTENTION:** *Plaintiff has retained the Bush Law Group, P.A. to represent him due to Defendant's actions.  Plaintiff is entitled to recover reasonable and necessary attorneys' fees and costs incurred, including all charges and costs of court, as well as all such fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Chapter 38 of the Texas Civil Practices and Remedies Code;45 (b) Section 541.152 of the Texas Insurance Code;46 (c) Section 17.50(d) of the Texas Deceptive Trade Practices Act;47 and (d) common law.48*

   **STATE FARM'S RESPONSE:** State Farm admits that Plaintiff retained counsel regarding this Claim. State Farm admits that pursuant to Texas Insurance Code Section 541.152(a), a prevailing plaintiff may obtain the amount of actual damages, plus court costs and reasonable and necessary attorney's fees. State Farm further admits that Texas Insurance Code Section 541.152(b) permits the trier of fact to award an amount not to exceed three times the amount of actual damages if the trier of fact finds that the defendant acted knowingly or intentionally. State Farm denies that Plaintiff is entitled to these remedies and denies the remaining allegations in Paragraph 64.

65.    **PLAINTIFF'S CONTENTION:** *For the prosecution and collection of this claim, Plaintiff have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff are entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.*

**STATE FARM'S RESPONSE:** State Farm admits that Plaintiff retained counsel regarding this Claim. State Farm denies the remainder of the above allegations.

66.  **PLAINTIFF'S CONTENTION:** *As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seek only monetary relief in excess of $250,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.*

**STATE FARM'S RESPONSE:** State Farm admits that that Plaintiff seek monetary relief in excess of $250,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. State Farm further admits that Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## DUTY TO DISCLOSE

67.  **PLAINTIFF'S CONTENTION:** *Under Texas Rules of Civil Procedure 190 and 194, Plaintiff request that Defendants disclose, within thirty (30) days from filing its answer to this lawsuit, the information or material described in Rules 190.2(b)(6) and 194.2.*

**STATE FARM'S RESPONSE:**  Not applicable.

### *JURY DEMAND*

68.  **PLAINTIFF'S CONTENTION:** *Plaintiff hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tender the appropriate jury fee.*

**STATE FARM'S RESPONSE:**  State Farm admits that both parties have demanded a trial by jury and have tendered the appropriate fee.

## II.    STATE FARM'S SPECIFIC ALLEGATIONS, DEFENSES, AND DENIALS

69.  **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiff bears the burden to prove that the claim was valid and payable and to prove the actual cash value

of damage resulting from an occurrence of accidental direct physical loss to the insured property on the reported date of loss. Plaintiff lacks proof of damages resulting from any accidental direct physical loss on the reported date of loss beyond those damages found by State Farm or otherwise paid under the Policy.

70.    **Limit of Liability.** State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

71.    **Deductible/Offset/Payment.** Defendant is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's $2,382.00 deductible, payments made under the Policy totaling $28,291.12 for Coverage A, $300 for Personal Property under Coverage B, and any payments made in the future under the Policy for the claim in question.

72.    **Loss Settlement Provision/Condition: Replacement Cost Benefits**. Under the Insuring Agreement, Plaintiff must first repair or replace the damaged property to recover replacement cost benefits and the Policy limits such coverage to costs "necessarily" spent to repair the damaged property. The Policy specifically provides:

**SECTION I - LOSS SETTLEMENT**
**COVERAGE A-DWELLING**

1.  **A1** - **Replacement Cost Loss Settlement - Similar Construction.**

    a.  ***We*** will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the ***Declarations***, the damaged part of the property covered under **SECTION I - COVERAGES, COVERAGE A - DWELLING,** except for wood fences, subject to the following:

        (1) until actual repair or replacement is completed, ***we*** will pay only the ***actual cash value*** of the damaged part of the property, up to the applicable limit of liability shown in the ***Declarations***, not to

exceed the cost to repair or replace the damaged part of the property;

(2) when the repair or replacement is actually completed, **we** will pay the covered additional amount **you** actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations,** whichever is less;

(3) to receive any additional payments on a replacement cost basis, **you** must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and give prompt notice to **us** after the work has been completed; and

(4) **we** will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a **building structure** or other structure, except as provided under **OPTIONAL POLICY PROVISIONS, Option OL - Building Ordinance or Law**.

Plaintiff lacks proof of completed repairs or replacement to any covered property damage connected with his insurance claim. As such, Plaintiff's recovery in this case, if any, is currently limited to the actual cash value of the covered property damage.

73.    **Failure to Protect the Property**. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to make repairs and thereby failed to mitigate damage to his property. The Policy specifically provides:

## SECTION I – CONDITIONS

2. **Your Duties After Loss.** After a loss to which this insurance may apply, **you** must cooperate with **us** in the investigation of the claim and also see that the following duties are performed:

* * *

b.  protect the property from further damage or loss and also:

(1) make reasonable and necessary temporary repairs required to protect the property; and

(2)  keep an accurate record of repair expenses;

By failing to make repairs Plaintiff has failed to mitigate and protect the property from further damage.

74.   **Coverage C – Additional Living Expenses.** Plaintiff's claim for Additional Living Expenses under the Policy is barred in whole or in part because Plaintiff has not incurred expenses as required under the Policy related to Additional Living Expenses. The policy expressly provides:

> **COVERAGE C – LOSS OF USE**
>
> The most *we* will pay for the sum of all losses combined under **Additional Living Expenses**, **Fair Rental Value**, and **Prohibited Use** is the limit of liability shown in the *Declarations* for **Coverage C – Loss of Use**.
>
> 1. **Additional Living Expense**. When a *loss insured* causes the *residence premises* to become uninhabitable, *we* will pay the reasonable necessary increase in cost incurred by an *insured* to maintain their normal standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of:
>
>    a.  The time required to repair or replace the premises;
>    b.  The time required for *your* household to settle elsewhere; or
>
>    c.  24 months

75.   **Mold or Fungus.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, consist of or were proximately caused in whole or in part by mold or fungus. The policy at issue specifically provides that mold or fungus is not an insured loss:

> **SECTION I – LOSSES NOT INSURED**
>
> 1. *We* will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the

following excluded events. **We** will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the ***residence premises***, arises from any natural or external forces, or occurs as a result of any combination of these:

* * *

  i.  wet or dry rot;

  g.  ***Fungus***, including:

    (1) any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the ***residence premises*** or location of the rebuilding, repair, or replacement, by ***fungus***;

    (2) any remediation of ***fungus***, including the cost to:
      (a) remove the ***fungus*** from covered property or to repair, restore, or replace that property or
      (b) tear out and replace any part of the ***building structure*** or other property as needed to gain access to the ***fungus***; or

    (3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of ***fungus***, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property.

However, the presence of ***fungus*** on covered property does not negate coverage for that part of the covered property otherwise damaged by a ***loss insured***.

* * *

Part of the damages Plaintiff is claiming, none being admitted, consists of or resulted from mold or fungus growth in his dwelling. These conditions are not insured under the policy at issue.

76.     **Bona Fide/Legitimate Dispute.** A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including for violations of the Texas Insurance Code or any other statutory or common law authority.

77.     **Cap on Punitive Damages.** Tex. Civ. Prac. and Rem. Code §41.001, *et seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and the common law. Further, unless Plaintiff prove Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

## JURY DEMAND

78.     Defendant hereby requests a jury trial for all causes of action alleged herein. Defendant hereby tenders the appropriate jury fee.

## PRAYER

79.     Defendant State Farm Lloyds respectfully requests that Plaintiff take nothing by way of his claims against Defendant, and that the Court grant Defendant such other and further relief to which it may be justly entitled.

Respectfully submitted,

**NISTICO, CROUCH & KESSLER, P.C.**

By:   */s/ M. Micah Kessler*
      M. Micah Kessler
      State Bar No. 00796878
      Fed. I.D. 21206
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Facsimile: (713) 781-7222
Email: mkessler@nck-law.com
**COUNSEL FOR DEFENDANT**

**OF COUNSEL:**
Jazmine J. Ford
State Bar No. 24109881
Fed. I.D. 3451248
Email: jford@nck-law.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been filed in accordance with the Federal Rules of Civil Procedure on January 27, 2024, via ECF.

Christopher J. Dobson
Palker Law Firm, PLLC
4500 N. 10th Street, Suite 20
McAllen, Texas 78504
**VIA ECF**

*/s/ M. Micah Kessler*
M. Micah Kessler